O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ISABEL A. DE HOYOS, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. L-05-28 |
| | § | |
| NEIL ANTHONY GORDON McPHIE, | § | |
| | § | |
|     Defendant. | § | |

## MEMORANDUM

Pending is Defendant's Motion to Dismiss (Docket No. 8). This case was brought by Plaintiff Isabel A. De Hoyos, who previously held the position of Supervisory Seized Property Specialist with the Department of Homeland Security (DHS). She was removed from that position on August 20, 2004, based on a charge that she had employed an undocumented alien in her household. Plaintiff appealed her removal to the Merit Systems Protection Board (MSPB). After a hearing, the Administrative Judge affirmed the agency action. Neither side petitioned for review by the full Board. Instead, Plaintiff filed the instant complaint "for de novo appeal" and to compel her reinstatement.

Plaintiff's complaint suggests that the decision of the DHS was based on mere suspicion, not sufficient evidence. She also claims that there was insufficient evidence that her removal would promote the efficiency of the service, largely because the alleged

offense was committed "off duty."  She also maintains that the penalty was not within "tolerable limits of reasonableness."  Then, at page 10 of her Complaint, Plaintiff alleges, albeit in somewhat conclusory fashion, that she was treated more harshly than "other male supervisors" because of her sex and national origin. In a separate paragraph, she also attacks the hearing examiner for not allowing her to offer evidence of alleged misconduct by and resulting treatment of other supervisors.  This evidence would supposedly demonstrate disparate treatment against her.  Finally, in a section labeled "Conclusion," she asserts a violation of due process because Plaintiff was first advised that she was being investigated for harboring aliens but later was told that she was being charged with transporting aliens.  She also asserts that investigators illegally entered her residence on the occasion in question and illegally conducted interviews inside.

The pending Motion to Dismiss is based on two grounds. First, Defendant invokes the general rule that any employee aggrieved by a final decision of the MSPB must file her appeal in the United States Court of Appeals for the Federal Circuit.  5 U.S.C. §7703(b)(1).  A statutory exception to the general rule is for "cases of discrimination."  5 U.S.C. §7703(b)(2).  Such cases are defined in §7702 as including allegations that a person suffered discrimination prohibited by 42 U.S.C. §2000e-16.   Plaintiff

specifically alleges that her claim of discrimination based on sex or national origin is brought under §2000e-16.  Such discrimination cases are to be filed in the appropriate federal district court.

As demonstrated above, the instant case involves "mixed" claims, some non-discriminatory and others discriminatory.  In that situation, "the entire action falls within the jurisdiction" of the district court.  <u>Williams</u> v. <u>Department of Army</u>, 715 F.2d 1485, 1491 (Fed. Cir. 1983).

The Government's motion correctly asserts that nothing in 42 U.S.C. §2000e-16 supports the filing of a discrimination case against a non-employer of the Plaintiff.  Thus, Plaintiff's allegation of a discriminatory handling of the appeal by the MSPB cannot be maintained under §2000e-16.  The Court disagrees, however, with the Government's assertion in Paragraph 4 of its motion that Plaintiff "does not claim discrimination related to her removal."  Because the Government asserts that this case only involves non-discriminatory complaints about Plaintiff's removal, it maintains that the case does not fit within the exception of §7703(b)(2) and therefore belongs within the exclusive jurisdiction of the Court of Appeals for the Federal Circuit.  As noted above, however, Plaintiff does appear to be alleging at page 10 that she suffered disparate treatment from her employer for discriminatory reasons.  Indeed, the Administrative Judge discusses Plaintiff's

claim of employment discrimination in some detail at pages 8-10 of his opinion. The Court thus concludes that the Plaintiff's complaint is a "mixed" one, and that jurisdiction lies in this Court. **Williams**, supra.

The remaining issue is whether Defendant McPhie is a proper party to the case. It appears that he is not. Under 5 U.S.C. §7703(a)(2), the MSPB "shall be named respondent" unless the employee seeks review of a final order or decision on the merits of the underlying personnel action. Plaintiff is clearly seeking such review, in which case "the agency responsible for taking the personnel action shall be the respondent." Plaintiff cites to a section labeled "Judicial Review" at Page 14 of the decision by the Administrative Judge. That section correctly states that if an employee is asserting a claim "under the Civil Rights Act," the appeal must be filed in the appropriate federal district court and that the head of the agency must be named as defendant pursuant to 42 U.S.C. §2000e-16(c). As an aside, Plaintiff cites this language as justification for suing the head of the MSPB, a assertion which is clearly unsound. As already indicated, §2000e-16 pertains to the employment relationship and the term "agency" clearly means the Plaintiff's employer, not the MSPB. That said, however, there is still a potential tension between §7703(a)(2) and 42 U.S.C. §2000e-16, especially because of the "mixed nature" of this complaint.

Perhaps the safer approach in such a situation would have been to name both the DHS and its head.  However, that issue is not currently before the Court.  What is clear is that there is no basis for any relief against the head of the MSPB and, therefore, the Motion to Dismiss will be GRANTED.

DONE at Laredo, Texas, this 30th day of June, 2005.

_____
George P. Kazen
United States District Judge

5